IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FIRST STATE BANK OF NORTHWEST ARKANSAS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   CIVIL ACTION NO. 5:14-CV-130 (MTT) |
| THE MCCELLAND QUALIFIED PERSONAL RESIDENCE TRUST, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

This matter is before the Court on the Defendants' motion to dismiss (Doc. 12) the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion is **DENIED**.

## I.   FACTUAL BACKGROUND

In 2005 and 2006, Defendant Joseph P. McClelland, Jr. took out two loans from First Georgia Community Bank. (Doc. 1 at ¶ 7). Between March and June 2008, McClelland, Jr. made six transfers of real property to Defendant The McClelland Family Limited Partnership and one transfer of real property to Defendant The McClelland Qualified Personal Residence Trust a/k/a The McClelland Qualified Personal Residential Trust.[1] (Doc. 1 at ¶¶ 8-14). The loans went into default on November 17, 2008. (Doc. 1 at ¶ 15).

---

[1] The Partnership and the Trust are entities created under Georgia law, and McClelland, Jr. is a resident of Butts County, Georgia. (Doc. 1 at ¶¶ 2-4).

On December 8, 2008, First Georgia failed and went into receivership by the Federal Deposit Insurance Corporation ("FDIC-R"). (Doc. 1 at ¶¶ 18-19). The FDIC-R sued McClelland, Jr. on the loans in the United States District Court for the Northern District of Georgia[2] and obtained a judgment against him on February 22, 2011. (Doc. 1 at ¶¶ 20-21).

On December 1, 2011, the FDIC-R assigned its interest in the loans and the related judgment to Plaintiff First State Bank of Northwest Arkansas.[3] (Doc. 1 at ¶ 21). On March 18, 2013, First State Bank, after being allowed to intervene as a plaintiff, obtained an amended final judgment in the Northern District of Georgia case in the amount of $73,983.83. (Doc. 1 at ¶ 22). The judgment remains unpaid in its entirety. (Doc. 1 at ¶ 23).

First State Bank now seeks to set aside the seven transfers of property identified above, which it contends are fraudulent, as well as damages and injunctive relief pursuant to the Uniform Fraudulent Transfers Act, O.C.G.A. § 18-2-70, *et seq.*, to satisfy its $73,938.83 judgment. First State Bank also seeks to impose a constructive trust on the real properties that were fraudulently transferred. Finally, First State Bank requests attorney's fees pursuant to O.C.G.A. § 13-6-11 for stubborn litigiousness in the amount of $3,900.00.

## II.   DISCUSSION

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley v. Orlando Reg'l*

---

[2] *Fed. Deposit Ins. Corp. v. McClelland*, No. 1:09-cv-2352-RLV (N.D. Ga.).

[3] First State Bank is a banking corporation created under Arkansas law. Its principal place of business is in Fayetteville, Arkansas. (Doc. 1 at ¶ 1).

*Heathcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (internal citation omitted). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1232-33 (internal quotations and citation omitted). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233 (internal citation omitted). The Defendants here have not introduced any material extrinsic from the pleadings, and the Court will look only to the complaint and its attached exhibits to determine whether First State Bank has established subject matter jurisdiction.

An action based on diversity jurisdiction requires complete diversity between the parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The plaintiff has the burden to allege facts creating jurisdiction with sufficient particularity. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). The Defendants do not contest that diversity exists among the Parties. Accordingly, the Court will evaluate only whether First State Bank has met its burden to establish the amount in controversy requirement with sufficient particularity.

The Defendants argue that the amount of damages sought by First State Bank is $73,983.83, which is insufficient to satisfy the amount in controversy requirement. First State Bank, however, points to its claim for attorney's fees to show it is seeking a total

recovery of at least $77,883.83, and thus it has satisfied the amount in controversy requirement.

First, when a plaintiff requests injunctive or declaratory relief, the value of that relief is "the value of the object of the litigation measured from the plaintiff's perspective" for amount in controversy purposes. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014) (internal quotation marks and citation omitted). "Stated another way, the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" *Id.* at 1316 (alteration in original) (citation omitted). Absolute certainty regarding the value of the requested declaratory or injunctive relief is not required. *Id.* Instead, the value "must be 'sufficiently measurable and certain' to satisfy the amount-in-controversy requirement." *Id.* (citation omitted).

Here, the value of the object of the litigation from First State Bank's perspective is the amount of the judgment it was awarded in the Northern District of Georgia, i.e., $73,983.83. The Defendants do not challenge this amount or suggest that it is somehow not sufficiently ascertainable.

Second, attorney's fees generally may not be included in determining the amount in controversy unless the award of fees is authorized by statute or contract. *Smith v. GTE Corp.*, 236 F.3d 1292, 1305 (11th Cir. 2001). Under Georgia law,

> The expenses of litigation generally shall not be allowed as a part of the damages; but *where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them*.

O.C.G.A. § 13-6-11 (emphasis added).  Here, First State Bank has specifically pleaded a minimum of $3,900.00 in attorney's fees for the Defendants' alleged bad faith and stubbornly litigious actions.  First State Bank has also produced affidavit testimony that it has incurred $4,525.00 in attorney's fees for the preparation and filing of its complaint in this case.  (Doc. 13-1 at ¶ 7).  The Defendants do not suggest First State Bank has failed to allege this amount in good faith.  Thus, First State Bank's request for attorney's fees clearly counts toward the amount in controversy requirement.  *See Townsend v. Monumental Life Ins. Co.*, 2007 WL 1424660, at *4 (N.D. Ga.) (counting the plaintiff's request for attorney's fees pursuant to O.C.G.A. § 13-6-11 toward the amount in controversy requirement).  Therefore, First State Bank is seeking a recovery of at least $77,883.83.

      The Defendants do not dispute that the requested amount of attorney's fees counts toward the amount in controversy requirement.  Rather, they contend First State Bank fails to allege any facts supporting its claim for attorney's fees.  Contrary to the Defendants' assertion, First State Bank has sufficiently alleged a basis for its request.  First State Bank alleges that the Defendants have refused both to pay the judgment awarded by the Northern District of Georgia more than a year ago and to participate in negotiations for payment of the judgment.  (Doc. 1 at ¶ 51).  These facts are sufficient to support a claim for attorney's fees resulting from the Defendants' bad faith and stubborn litigiousness.

      Accordingly, First State Bank has established that the amount in controversy exceeds $75,000.00.  Therefore, this Court has subject matter jurisdiction.

### III.　CONCLUSION

For the foregoing reasons, the Defendants' motion is **DENIED**.

**SO ORDERED**, this the 27th day of May, 2014.

                                      <u>S/ Marc T. Treadwell</u>
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT