IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FIRST STATE BANK OF NORTHWEST ARKANSAS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:14-CV-130 (MTT) |
| THE MCCLELLAND QUALIFIED PERSONAL RESIDENCE TRUST, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

The Defendants have moved the Court to reconsider its September 21, 2015 Order denying the summary judgment motions filed by the Parties. (Doc. 76). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

The Defendants do not argue that there has been an intervening change in the law or that the Court made a clear error of law. Rather, the Defendants have submitted

an affidavit from Jeri Edler, Vice President of Human Resources at First Georgia Community Bank in 2008, who testified that "Joseph P. McClelland, Jr. submitted his financial statement timely in the spring of 2008." (Doc. 76-1 at 1). The Defendants argue this affidavit "provides specific proof that First Georgia Community Bank had actual knowledge of all subject allegedly fraudulent transfers described by Plaintiff prior to loan renewals." (Doc. 76 at 1). The Defendants claim the affidavit "could not be presented" prior to the Court's Order. (Doc. 76 at 2). In support of this claim, the Defendants offer the following: "To Mr. McClelland's knowledge, Officer Elaine Kendrick was responsible for the collection and maintenance of the required financial statements of the directors of the bank." (Doc. 76 at 2). Despite placing "numerous phone calls" and sending mail to Kendrick, Kendrick responded only "within the last couple of weeks." (Doc. 76 at 2). Kendrick then disclosed that it was Edler "who collected the 2008 financial statement at the board of director's meeting," and so the Defendants immediately contacted Edler. (Doc. 76 at 2). The Defendants further claim that the Plaintiff "failed to provide this material information to Defendant or this court." (Doc. 76 at 3).

The Defendants' motion is untimely because it was filed more than 14 days after entry of the Court's Order.[1] *See* M.D. Ga. L.R. 7.6. Even if the Defendants' motion were timely, the motion would fail. The Defendants apparently assumed Kendrick was responsible for collecting the 2008 financial statement, failed to "get in touch" with her until "the last couple of weeks," and then learned from her that another employee had this responsibility. These allegations are insufficient to establish that Edler's affidavit was not previously available to the Defendants in the exercise of due diligence. Even if

---

[1] The Defendants filed their motion on October 13, 2015.

-3-

the Defendants had exercised due diligence, Edler's affidavit is insufficient to establish, as a matter of law, that First Georgia intended to ratify the alleged fraudulent transfers.

For the foregoing reasons, the Defendants' motion for reconsideration (Doc. 76) is **DENIED**.

The Plaintiff's motion to extend pretrial deadlines (Doc. 78) is **GRANTED**.

**SO ORDERED**, this the 6th day of November, 2015.

>S/ Marc T. Treadwell
>MARC T. TREADWELL, JUDGE
>UNITED STATES DISTRICT COURT